UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Offshore Rental | Civil Action No. 16-1090 |
| versus | Magistrate Judge Carol B. Whitehurst |
| Louisiana Scrap International Inc et al | By Consent of the Parties |

MEMORANDUM ORDER

Before the Court is Motion For Summary Judgment filed by Defendant, Southern Recycling, LLC ("Southern Recycling") [Rec. Doc. 84], Plaintiff, Offshore Rental, Ltd.'s ("Offshore Rental") Opposition [Rec Doc. 96], Southern Recycling's Reply [Rec. Doc. 101] and Plaintiff's Sur-Reply [Rec. Doc. 117].

Also before the Court is Motion For Summary Judgment filed by Defendant, Travelers Property Casualty Company of America ("Travelers") [Rec. Doc. 93] and Plaintiff's Memorandum in Opposition [Rec. Doc. 105].

For the reasons that follow, the Court will deny Southern Recycling's motion as premature with the right to reurge if appropriate and will deny Traveler's related motion as moot.

*I. Background*

On July 23, 2015, Defendant Anthony Harris appeared in person at Southern Recycling's Lafayette facility and sold approximately 22,940 pounds of scrap metal to Southern Recycling for a value of $1,296.07. *R. 84-3, Aff. Of Belaire, No. 3.* On

August 6, 2015, Harris again appeared at the Lafayette facility and sold approximately 29,760 pounds of scrap metal to Southern Recycling for a value of $1,408.93. *Id., No. 4*. On October 9, 2015, Harris appeared at Southern Recycling's Lafayette facility for the third time and sold approximately 9,320 pounds of scrap metal for a value of $291.95. *Id., No. 5*.

Plaintiff Offshore Rental, Ltd. filed its Original Complaint with Jury Demand asserting claims of conversion and unjust enrichment against Louisiana Scrap International, Inc., John Rongey, Kathy Rongey, Travis Cormier, Anthony Harris and Floyd Tolivour on July 25, 2016. *R. 1*. On October 11, 2016, Plaintiff filed its Amended Complaint, naming Southern Recycling in the suit. *R. 16*. The record indicates that more than one year passed between the July 23, 2015, August 6, 2015 and October 9, 2015 transactions in question and the October 11, 2016 First Amended Complaint against Southern Recycling.

## II. Contentions of the Parties

Southern Recycling contends that Plaintiff's claims against it should be dismissed as facially prescribed. Alternatively, Southern Recycling asserts that Plaintiff's unjust enrichment claim must be dismissed as invalid. Plaintiff argues that it did not know, nor have reason to know that Southern Recycling was involved in the conduct at issue until September 14, 2016, and therefore, the doctrine of *contra non*

2

*valentem* applies to toll prescription until it sought leave to file its claim on October 11, 2016. Plaintiff also argues that prescription was interrupted by the filing of this lawsuit against the other Defendants as joint tortfeasors of Southern Recycling. Plaintiff argues that unjust enrichment is an available cause of action in this case.

Travelers contends that in the event the Court grants Southern Recycling's Motion For Summary Judgment Travelers cannot have any liability to the Plaintiff in this litigation, and therefore Plaintiff's claims against Travelers should also be dismissed. Plaintiff concedes that Travelers' Motion should be granted if Southern Recycling's Motion is granted.

*III. Summary Judgment Standard*

Under Federal Rule of Civil Procedure 56(c), the Court will grant a party's motion for summary judgment only if:

> the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

In conducting this analysis, the Court must construe "all of the evidence and all of the factual inferences from the evidence ... in a light most favorable to the party

opposing the motion." *King Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 517 (5th Cir.2009). Any doubts are likewise resolved in favor of the nonmoving party. *U.S. ex rel. Loncrhi v. United States*, 575 F.3d 458, 465 (5th Cir.2009). Once the movant has directed the Court's attention to portions of the record which reflect an absence of a genuine issue of material fact, the nonmoving party bears the burden of demonstrating that a genuine issue of material fact exists. *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 506–07 (5th Cir.2008). "However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir.1996).

## *IV. Analysis*

Southern Recycling argues that Plaintiff's tort claims are prescribed pursuant to Louisiana Civil Code Article 3492's one-year liberative prescriptive period for delictual actions such as Plaintiff's conversion claim against it. Plaintiff acknowledges that Louisiana tort claims have a one-year prescriptive period, but argues it did not know of its cognizable legal claims until the police investigation on September 14, 2016, and therefore, the doctrine of *contra non valentem* applies as an exception to the running of liberative prescription. Plaintiff further argues prescription was interrupted through the filing of this lawsuit against the other Defendants who are joint tortfeasors

and/or solidary obligors of Southern Recycling.

*A. Contra Non Valentem*

When presented with a state law claim, "federal courts apply state statutes of limitations and related state law governing tolling of the limitation period." *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (1989). "[U]nder Louisiana jurisprudence, prescriptive statutes are to be strictly construed against prescription and in favor of the obligation sought to be extinguished; of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted. *Bustamento v. Tucker*, 607 So. 2d 532, 537 (La. 1992). Louisiana Civil Code article 3492 states, "Delictual actions are subject to a liberative prescription of one year." Ordinarily, the defendant bears the burden of showing that an action has prescribed. *Albe v. City of New Orleans*, 150 So. 3d 361, 366, (La. App. 4 Cir., 9/17/14). "If prescription is evident on the face of the pleadings, however, the burden shifts to the plaintiff to show that the action has not prescribed." *Id*. (citing *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So. 2d 1383, 1386 (La. 1/19/93)).

Louisiana jurisprudence has long recognized the doctrine of *contra non valentem* as a means of suspending the running of prescription when the circumstances of a case fall within one of four categories,"*Id.* including "where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is

not induced by the defendant."*Id.* at 367.

Plaintiff contends the equitable concept of *contra non valentum* should be applied to bar prescription because it did not know and could not have known that the property at issue was missing from its facility in Port Fourchon, Louisiana or that its employee, Defendant Cormier, along with the other Defendants, were involved in the misappropriation until the Lafouche Parish Sheriff's Department issued its report and "cracked the case" in February 2016. Plaintiff further contends that it learned of Southern Recycling's involvement in the conversion of its property around September 14, 2016 when it was provided a copy of a statement given by Defendant Harris to the police investigator.[1] Thereafter, Plaintiff sought leave to amend its Complaint on October 7, 2016. *R. 14.*

The record contains Plaintiff's Exhibit A, Declaration of Anne Figueiras[2], *R. 96-3*, and Exhibit C, Declaration of Cary Walker[3], *R. 96-5,* in support of these contentions. In response, Southern Recycling argues that Plaintiff cannot satisfy its burden of proof through these declarations as they are merely self-serving or

---

[1] Southern Recycling confirmed that it accepted property from Harris on July 23, 2015, August 6, 2015 and October 9, 2015. *R. 84-1, ¶¶ 1-3*.

[2] Figueiras was responsible for security issues and compliance for Plaintiff, and lead the investigation into the missing property at issue in October 2015.

[3] Walker was responsible for location tracking, utilization and cataloging Plaintiff's equipment. She confirmed that the missing equipment belonged to Plaintiff.

6

conclusory. Upon reviewing the declarations at issue, the Court finds that both declarations are based on the declarant's personal knowledge, contains factual assertions and meets the requirements of Rule 56(c).[4] *C.R. Pittman Const. Co., Inc. v. National Fire Ins. Co. of Hartford,* 453 Fed.Appx. 439, 443 (5th Cir. 2011) (an affidavit based on personal knowledge and containing factual assertions suffices to create a fact issue, even if the affidavit is arguably self-serving) (citing *Mathis v. Exxon Corp.*, 302 F.3d 448, 459 n. 16 (5th Cir.2002) ("[M]erely claiming that the evidence is self-serving does not mean we cannot consider it or that it is insufficient. Much evidence is self-serving and, to an extent, conclusional.").

Southern Recycling further argues the Court should deny Plaintiff's request because Plaintiff failed to "maintain commercially reasonable practices", including: (1) operational cameras in its Port Fourchon yard; (2) perform inventory according to ordinary business practices; and, (3) contact Southern Recycling when it became aware that its property was missing (just as it contacted other scrap yards in Lafayette). It contends such failures do not justify the use of *contra non valentem.*

Plaintiff further argues that Southern Recycling's motion is premature because "basic discovery [in this case] has not been completed." *R. 96, p. 10.* In particular,

---

[4] Pursuant to Rule 56(c)(4), "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

Plaintiff notes that the corporate depositions of the parties have not yet been taken. Presumably, these depositions will "result in the acquisition of facts weighing on the parties' claims and defenses." *Id.* Citing Federal Rule of Civil Procedure 56(f), Plaintiff states that the "nonmoving party must have had an opportunity to discover information necessary to its opposition to the summary judgment before summary judgment may be granted." *R. 96, p. 9.* Plaintiff has not filed an affidavit requesting a ruling under 56(f). Rather, Plaintiff requests that the Court allow the parties time to conduct discovery before ruling on the *contra non valentem* issue.[5]

The requirement that the nonmoving party set forth specific facts showing that there is a genuine issue of material fact is "qualified by Rule 56(f)'s provision that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson*, 477 U.S. at 250 n. 5. While Plaintiff's complaint against Southern Recycling is prescribed on its face, the Court finds that Southern Recycling has failed to provide any evidence to dispute Plaintiff's reliance upon the doctrine of *contra non valentem*. The Court also finds that

---

[5] Fed. R. Civ. P. 56(f) provides,
If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
    (1) deny the motion;
    (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or
    (3) issue any other just order.

8

the declarations alone do not establish that Plaintiff is entitled to rely on the *contra non valentem* doctrine to overcome prescription—especially in light of Southern Recycling's argument that Plaintiff "failed to maintain commercially reasonable practices."

## V. Conclusion

Accordingly, the Court will deny Southern Recycling's motion as premature without prejudice to the right of Southern Recycling to reurge it after discovery is initiated and the corporate depositions have been conducted. The Court will deny Traveler's motion for summary judgment without prejudice as moot. The Court will defer ruling on the unjust enrichment issue raised in Southern Recycling's motion.

**IT IS ORDERED** that the Motion For Summary Judgment filed by Defendant, Southern Recycling, LLC [Rec. Doc. 84] is **DENIED WITHOUT PREJUDICE AS PREMATURE** and Defendant may reurge the motion pursuant to the Court's order.

**IT IS FURTHER ORDERED** that the Motion For Summary Judgment filed by Defendant, Travelers Property Casualty Company of America [Rec. Doc. 93] is **DENIED WITHOUT PREJUDICE AS MOOT**.

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 19th day of March, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE